IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 08-00638 JMS |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S |
| | ) | RENEWED MOTION FOR |
| vs. | ) | JUDGMENT OF ACQUITTAL |
| | ) | |
| REGINALD BENJAMIN FIELDS II, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S RENEWED MOTION FOR
JUDGMENT OF ACQUITTAL**

**I. INTRODUCTION**

Defendant Reginald Benjamin Fields II ("Defendant") is charged with

attempted possession of 50 grams or more of methamphetamine, its salts, isomers,

and salts of its isomers with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1)

and 846.  After a jury could not reach a unanimous verdict, the court declared a

mistrial on November 2, 2009.  On November 5, 2009, Defendant filed a Renewed

Motion for Judgment of Acquittal ("Defendant's Motion") under Federal Rule of

Criminal Procedure 29.  In his Motion, Defendant argues that no reasonable jury

could find that he committed the offense of attempted possession of

methamphetamine with intent to distribute or that he aided or abetted another to

attempt to possess methamphetamine with intent to distribute.  The court disagrees

and, for the following reasons, DENIES Defendant's Motion.

## II. <u>BACKGROUND</u>

### A.    **Factual Background**

On October 29, 2008, Defendant and his brother, Marcus Fields

("Marcus") were arrested for attempted possession of 50 grams or more of

methamphetamine, its salts, isomers, and salts of its isomers with intent to

distribute.  The day before, the Honolulu Airport Task Force ("HAFT") -- a unit

comprised of Honolulu Police Department ("HPD") and Drug Enforcement

Administration ("DEA") officers -- intercepted a parcel at the FedEx facility at

Honolulu International Airport.  A narcotics canine alerted to the presence of

narcotics in the parcel, which weighed approximately six pounds and was

addressed: "Reggie Fields, 705 Queen St, Honolulu HI, 96813."  After obtaining a

search warrant, HAFT officers opened the parcel and found that it contained car

parts as well as approximately one pound (or approximately 454 grams) of crystal

methamphetamine packaged in two vacuum sealed bags that were wrapped in

plastic wrap.

HAFT officials planned a controlled delivery that would enable them

to track the parcel.  The methamphetamine was removed from the parcel and

replaced with pseudo crystal methamphetamine.  The new contents of the parcel were then dusted with a "sirchie" powder that becomes visible when exposed to UV light.  HAFT officers placed a tracking device in the parcel and rewrapped the parcel to resemble its original state.

On October 29, 2008, the parcel was delivered to Security Alarm Shop, located at 705 Queen Street, Honolulu, Hawaii.  Shortly after the parcel arrived, Marcus drove with Defendant as his passenger to the Security Alarm Shop and Defendant entered the store and retrieved the parcel.  Defendant placed the parcel in the car and then Marcus drove with Defendant to Waikiki.  HAFT officials tracked the movement of the package.

Defendant and Marcus stopped at the Waikiki Banyan Hotel, where Marcus had rented a hotel room with Defendant listed as a registered guest. Shortly after Defendant and Marcus had arrived at the hotel, the tracking device alerted HAFT officials that the parcel had been opened.  HAFT officials then proceeded to Marcus' hotel room, knocked and announced, and then entered the room.  HAFT officials observed that the parcel had been opened and found one bag of pseudo crystal methamphetamine on the kitchen counter and another bag on the living room floor.  Upon examining Defendant and Marcus with a UV light, HAFT officers found that Defendant had sirchie powder on his hands, forearms, and shirt

and that Marcus had sirchie powder on his hands.  HAFT officials placed both

Defendant and Marcus under arrest.

On April 15, 2009, Marcus pled guilty to attempted possession of 50

grams or more of methamphetamine, its salts, isomers, and salts of its isomers with

intent to distribute.  At Defendant's trial, Marcus testified that he had committed

the offense alone and without Defendant's knowledge.  Marcus testified that he

had arranged for delivery of the methamphetamine to Defendant's address for his

own convenience and assumed that his brother would not question him about the

contents of the package.

Also at Defendant's trial, DEA Special Agent Richard Jones ("Jones")

testified about the practices of methamphetamine drug traffickers.  Jones testified

that drug traffickers do not entrust unknowing participants to pick up parcels

containing drugs and that a drug trafficker would not open a package containing

drugs in front of unknowing participants.

## B.    Procedural Background

Defendant's trial began on October 21, 2009 and concluded with a

mistrial on November 2, 2009 after the jury was unable to reach a verdict.  The court

denied Defendant's motions for judgment of acquittal made after the close of the

government's case and again at the close of the defense's case.  On November 5,

4

2009, Defendant filed his renewed motion for judgment of acquittal pursuant to

Federal Rule of Criminal Procedure 29.  The government filed an Opposition on

November 13, 2009.  No hearing was held on this matter.

### III.  STANDARD OF REVIEW

Federal Rule of Criminal Procedure 29 provides that "the court on the

defendant's motion must enter a judgment of acquittal of any offense for which the

evidence is insufficient to sustain a conviction."  A Rule 29 motion should be

denied if, "[v]iewing the evidence in the light most favorable to the government,"

the court determines that "any rational jury could have found [the defendant] guilty

of each element of the crime beyond a reasonable doubt."  *United States v. Nevils*,

548 F.3d 802, 805 (9th Cir. 2008) (citations omitted) (brackets in original).

### IV.  ANALYSIS

Defendant argues that an acquittal is required because (1) there is no

evidence supporting aiding and abetting liability and (2) the evidence is

insufficient to establish that Defendant possessed the requisite knowledge and

intent for conviction.  The court disagrees.

### A.    Aiding and Abetting Liability

Defendant argues that the government cannot prove his guilt under an

aiding and abetting theory because there is no evidence that Defendant aided

5

Marcus and, even if there is such evidence, the government has not shown that

Defendant aided Marcus before Marcus completed the offense of attempted

possession of methamphetamine with intent to distribute.

        The court's aiding and abetting instruction in Defendant's trial set out

the three elements of aiding and abetting liability consistent with Ninth Circuit

Model Criminal Jury Instruction 5.1:

> To prove a defendant guilty of aiding and abetting, the
> government must prove beyond a reasonable doubt:
>     First, attempted possession with intent to distribute
> methamphetamine, its salts, isomers, and salts of its
> isomers was committed by someone;
>     Second, the defendant knowingly and intentionally
> aided, counseled, commanded, induced or procured that
> person to commit each element of attempted possession
> with intent to distribute methamphetamine, its salts,
> isomers, and salts of its isomers; and
>     Third, the defendant acted before the crime was
> completed.

Following a question from the jury, the court clarified that in this case, the

"someone" referenced in the instruction referred to Marcus.

        Viewed in the light most favorable to the government, the evidence

supports a finding of aiding and abetting liability.  The parties do not dispute that

the first element -- that the crime was committed by someone -- is satisfied in this

case because Marcus pled guilty to the offense.  Evidence supporting the second

element includes testimony that Defendant permitted Marcus to have a parcel sent

to Defendant at the Security Alarm Shop, drove to retrieve the parcel, and personally picked up the parcel.  Additionally, the sirchie powder evidence supports a finding that Defendant opened the parcel and handled its contents because Defendant had sirchie powder on his hands, forearms, and chest at the time of his arrest.  A rational jury could find that these four actions -- permitting the parcel to be sent to Defendant at the Security Alarm Shop, driving to retrieve the parcel, picking up the parcel, and opening the parcel -- aided Marcus in attempted possession of 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers with intent to distribute.

Finally, as to the third element of aiding and abetting liability, a rational jury could find that Defendant acted before Marcus "completed" the offense.  All four of Defendant's actions discussed above -- i.e., Defendant's acts to obtain the parcel and access its contents -- occurred prior to Marcus "completing" the crime -- that is, before or while he possessed the methamphetamine with an intent to distribute it.  As such, a rational jury could find the third element satisfied.

Defendant, however, disputes the common meaning of the word "completed" and argues that no rational jury could find that he had satisfied the third element of aiding and abetting liability.  Defendant contends that an offense is

"completed" at the point when a principal becomes culpable.  For an attempt

conviction -- such as the offense at issue here -- "conviction requires evidence that

a defendant intended to violate the statute and took a substantial step toward

completing that violation."  *United States v. Mincoff*, 574 F.3d 1186, 1195 (9th Cir.

2009).  Relying on this definition, Defendant contends that Marcus took a

substantial step -- and the crime was thereby completed -- when Marcus either

(1) directed someone to send the parcel to Hawaii or (2) acted to retrieve the

parcel.  Because Defendant contends that any actions he took that could be

considered "aiding" occurred after either of these actions by Marcus, Defendant

argues that he could not have acted before the crime was completed.

   Defendant's argument rests on a faulty assumption that a crime is

"completed" within the meaning of the aiding and abetting instruction at the point

when a substantial step has been taken.  This argument is simply illogical.

Contrary to Defendant's assertion, a person *can* provide meaningful -- and culpable

-- assistance to a principal's attempt to commit a crime even after the principal has

taken a substantial step.  An attempt will often comprise a series of substantial

steps, as is the case here, and an aider and abettor should not escape liability

merely because he aids and abets after the initial substantial step but prior to the

time that the principal accomplishes his illegal purpose.  The court therefore rejects

8

that Defendant can avoid culpability as an aider and abettor merely because his actions occurred after Marcus' initial substantial step.

As a result of the foregoing, the court finds that a reasonable jury could find Defendant guilty under a theory of aiding and abetting liability.

## B.    Requisite Knowledge and Intent

Defendant argues that the government failed to present evidence showing that he possessed the requisite knowledge and intent to be convicted of attempted possession of 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers with intent to distribute.

Defendant's argument ignores the fact that "[c]ircumstantial evidence and reasonable inferences drawn from it may properly form the basis of a conviction." *Schad v. Ryan*, 581 F.3d 1019, 1029 (9th Cir. 2009).  In fact, "knowledge must almost always be proved [] by circumstantial evidence." *United States v. Santos*, 128 S. Ct. 2020, 2029 (2008).  Likewise, "[t]he government is not required to produce direct evidence of the defendant's intent; rather it may provide circumstantial evidence from which the district court can draw reasonable inferences." *United States v. Santos*, 527 F.3d 1003, 1009 (9th Cir. 2008).

In this case, circumstantial evidence supporting a finding that Defendant possessed the requisite knowledge and intent includes the fact that the

9

parcel was shipped to Defendant's address, Defendant drove with his brother to pick up the parcel, Defendant personally entered to store to retrieve the parcel, and Defendant had sirchie powder on his hands, forearms, and shirt at the time of the arrest.  Further, the government introduced testimony from Jones that drug traffickers neither entrust unknowing participants to pick up drugs nor open packages containing drugs in front of unknowing participants.  This circumstantial and opinion evidence would allow a reasonable jury to draw reasonable inferences that Defendant knew the parcel contained methamphetamine and harbored the intent to distribute that methamphetamine.  The court therefore finds that when viewed in the light most favorable to the government, the circumstantial evidence of Defendant's mental state is sufficient to support a conviction.

Defendant raises a number of contrary arguments.  First, Defendant contends that Jones' testimony contained exceptions.  This argument is unpersuasive because a reasonable jury need not have found that those exceptions apply in the present case.  Second, Defendant contends that opinion testimony such as Jones', standing alone, is insufficient to establish knowledge and intent.  Whether such testimony would be sufficient standing alone is immaterial, however, because the jury also heard the circumstantial evidence discussed above and not merely the opinion testimony.

Finally, Defendant disputes the relevance of Jones' testimony.  The court already ruled on this point when it denied Defendant's pre-trial motion in limine to exclude Jones' testimony.  Like the testimony admitted in *United States v. Cordoba*, 104 F.3d 225, 229 (9th Cir. 1997) (admitting expert testimony that drug traffickers do not entrust drugs to unknowing transporters), and *United States v. Valencia-Amezcua*, 278 F.3d 901, 909 (9th Cir. 2002) (admitting testimony about methamphetamine distribution operations), Jones' expert testimony was relevant because it enhanced the jury's understanding of the habits of drug traffickers.  Additionally, Jones' testimony was relevant because it assisted the jury in understanding the significance of Defendant receiving a package containing one pound of methamphetamine.  *See Valencia-Amezcua*, 278 F.3d at 909 (citations omitted); *see also United States v. Buchanan*, 70 F.3d 818, 832 (5th Cir. 1995) (finding expert's testimony admissible under Rule 702 when expert testified that a person transporting $30,000 worth of crack cocaine and multiple firearms would not allow an outsider to ride in the car because the expert's testimony aided the jury in understanding the significance of the defendant's presence in a car laden with narcotics and weapons).

In sum, the court finds that when viewing the evidence in the light most favorable to the government, a rational jury could have found that Defendant

11

possessed the requisite knowledge and intent to be guilty of attempted possession of methamphetamine with intent to distribute.

## V.  CONCLUSION

Based on the above, the court DENIES Defendant's Motion.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 18, 2009.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Fields*, Cr. No. 08-00638 JMS; Order Denying Defendant's Renewed Motion for Judgment of Acquittal